UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 11-CR-138-KKC

UNITED STATES OF AMERICA                                               PLAINTIFF

v.

**MEMORANDUM OPINION AND ORDER**

DOUGLAS PATRICK HEALY                                                  DEFENDANT

\* \* \*   \* \* \*   \* \* \*   \* \* \*

This matter is before the Court on the Government's and Digital Storage Solutions' ("DSS") request for restitution made in its pleading and in open court during the sentencing hearing conducted on August 2, 2012. As restitution to compensate DSS's current owners for their loss and ongoing losses suffered as the direct and proximate result of Defendant's fraud, the Court ordered the Defendant to disgorge and relinquish any and all interest he may have derived, claimed to have derived and currently holds in DSS because Defendant's fraudulent association and ownership in DSS caused and is still causing direct loss and damage to DSS's owners. This Order supplements the Court's reasoning stated on the record.

When a defendant is convicted of "an offense against property," as part of sentencing, the Court is required to order that "the defendant make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1), (c)(1); *United States v. Dickerson*, 370 F.3d 1330, 1336 n. 12 (11th Cir. 2004) (holding that "[w]ire fraud is . . . an offense against property under Title 18, specifically, an offense committed by fraud or deceit) (internal quotation marks and alterations omitted); *United States v. Speakman*, 594 F.3d 1165, 1169 (10th Cir. 2010) (same). "[T]he term 'victim' means a person directly and proximately harmed as a result of the commission of an offense . . . ." 18 U.S.C. 3663A(a)(2). "[I]n the case of an offense resulting in damage to or loss . . . of

1

property of a victim of the offense," as this case is, "[t]he order of restitution shall require that such defendant . . . return the property to the owner of the property . . . ." 18 U.S.C. § 3663A(b), (b)(1), (b)(1)(A).

The restitution statutes authorize restitution for losses to victims and "require[] that the restitution award be based on the amount of loss actually caused by the defendant's offense." *United States v. Boring*, 557 F.3d 707, 713 (6th Cir. 2009) (quoting *United States v. Rhodes*, 330 F.3d 949, 953 (7th Cir. 2003)). "Forfeiture and restitution are distinct remedies. Restitution is remedial in nature, and its goal is to restore the victim's loss. Forfeiture, in contrast, is punitive; it seeks to disgorge any profits that the offender realized from his illegal activity. Given their distinct nature and goals, restitution is calculated based on the victim's loss, while forfeiture is based on the offender's gain." *Boring*, 557 F.3d at 714 (quoting *United States v. Webber*, 536 F.3d 584, 602-03 (7th Cir. 2008))

DSS and its current owners are victims of Defendant's fraud and that fraud "resulte[d] in damage to" the ownership interests in DSS and DSS itself. At the sentencing hearing, the Court heard testimony from individual victims and the Government and DSS submitted documentary evidence to support the victims' loss claims. This process is ongoing and victims will submit further evidence to support their individual loss claims. The most obvious loss suffered by most victims is the money, time, or effort that they lost to obtain their ownership interest in DSS. These losses are individual and particular to each investor based on how much they invested in DSS and will be remedied through future restitution proceedings. The current owners of DSS, however, each suffered and continue to suffer losses distinct from the loss of their investment—DSS's current owners have had their interest in DSS damaged and continuing to lose value because of Healy's fraud. For example, the Court heard testimony that DSS is in arrears on

payments owed to Barb and Max Smith for DSS's purchase of the technology from VitalLife. This technology is the basis for DSS's entire operation. Without fresh capital to pay Barb and Max for the technology, DSS's future is bleak. As president of DSS, Healy raised enough money from investors to pay Barb and Max but no payments were made because Healy spent the investors' money financing his luxurious lifestyle jet setting around the world looking for new investors to continue his scheme. DSS has been drained of its capital because of Healy's fraud and needs fresh capital to pay the Smiths and to fund ongoing operations. DSS cannot effectively operate with Patrick Healy owning 50% of the company, because its current investors and victims, as well as potential new investors, smartly refuse to invest additional capital in a company 50% owned by a convicted fraudster. The only way to compensate victims for their loss is to divest Healy of his ownership in DSS.

Although Healy formed DSS, any value that DSS currently has is due to the capital and efforts of the victim investors—not because of anything Patrick Healy did. As noted in the loss calculation used to determine Defendant's Guidelines range, Healy's "efforts" on behalf of DSS actually destroyed value and prevented investors from realizing any gains. The current investors' ability to operate DSS and attempts to realize some return on their investment has been greatly damaged because Healy used the same company to perpetuate his fraud and still owns 50% of the company. Healy's relinquishment of ownership in DSS is the only way to restore DSS's and its investors' ability to borrow and attract fresh capital—two functions that are necessary for DSS's survival. Therefore, Healy must relinquish his interest in DSS as restitution to compensate DSS's owners.[1] Healy must relinquish any and all ownership interest he had or may have in DSS

---

[1] Healy obtained his interest through fraud, and likely could be ordered to forfeit that interest in a separate proceeding, but this restitution Order does not disgorge Healy of his interest in DSS because he obtained it through fraud. *Boring* made perfectly clear that restitution must be based on the victim's loss—not the defendant's gain. 557 F.3d at 714.

as restitution because DSS and its current equity owners are victims of Healy's fraud and their interests in DSS have been and are being damaged by the existence of Healy's ongoing ownership stake.

The uncontested evidence shows that if DSS is to survive, it must to raise fresh capital to repair the significant damage Healy caused and to fund ongoing operations. Current investors and potential investors are understandably hesitant to invest additional capital in a company partially owned by Patrick Healy and used by Healy as the principal instrument of his fraud. In other words, Healy's fraud damaged DSS's brand and the only way to remedy that loss is to disgorge Healy of any alleged interest. DSS must cleanse itself of Healy's fraud to establish trust with potential investors and clients. Healy's ongoing ownership in DSS stains the company such that the other owners' losses increase with each day Healy's name is associated with DSS. Quite simply, every additional day Patrick Healy retains his fraudulently obtained 50% interest in DSS—DSS and its investors and owners will continue lose value and suffer as victims of Healy's fraud. The only way to repair the damage to DSS and its owners and compensate DSS's owners for these losses is to order Healy to relinquish as restitution any and all claims that he may have had or will have to ownership and interest in DSS.

DSS asks the Court to rule that Defendant's now ex-wife, Stephanie Healy, does not have any ownership interest in DSS. In the couple's divorce settlement, Healy and his ex-wife split Healy's alleged ownership interest in DSS. [DE 34-1 at 6-7]. DSS argues that because Healy fraudulently obtained his ownership interest in DSS, he could not have transferred it to his ex-wife. DSS analogizes to the relation back concept in forfeiture, but provides no law to support voiding a third-party's alleged property interest as restitution for victim's losses.[2] This is

---

[2] The Court expresses no opinion on whether Stephanie Healy has any interest in DSS, and if she claims an interest in DSS, whether those claims would survive a civil forfeiture proceeding. Restitution is a remedy against only the

4

because the Court lacks the authority to adjudicate Stephanie Healy's potential property claims to DSS in this criminal proceeding. DSS seeks relief under a forfeiture or fraudulent conveyance theory. As part of his sentence, Healy must to relinquish any and all ownership in DSS because DSS and its owners have had their property damaged as a result of Healy's fraud, not because Healy fraudulently obtained his interest in DSS.

Accordingly, it is **ORDERED** that as stated in the Judgment:

1) As restitution for losses suffered by DSS and its investors as a direct and proximate result of Defendant's fraud, Defendant is required to relinquish any and all claims that he may have had or will have to ownership or interest in DSS.

Dated this 13th day of August, 2012.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge

---

defendant. If DSS wants a remedy against the property at issue, it should initiate civil forfeiture proceedings against the property.